UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANTHONY GEORGE BELL, #16001767,

                    Plaintiff,

          -against-

THE CITY OF LONG BEACH, Long Island,
New York,

                    Defendant.
-----------------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                    Plaintiff,

          -against-

THE CITY OF LONG BEACH,
NASSAU COUNTY, c/o John Doody,

                    Defendants.
-----------------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                    Plaintiff,

          -against-

NASSAU COUNTY, GEOFFRY PRIME AND O'BRIEN
LLP, CITY OF LONG BEACH,

                    Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-2688(JMA)(AYS)

16-CV-3521(JMA)(AYS)

16-CV-4638(JMA)(AYS)

**AZRACK, District Judge:**

       On May 25, 2016, incarcerated *pro se* plaintiff Anthony George Bell ("plaintiff") filed an *in forma pauperis* complaint against the City of Long Beach (the "City") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights ("*Bell I*"). On June 9,

1

2016, plaintiff filed another *in forma pauperis* complaint ("*Bell II*") against the City and the County of Nassau (the "County") also pursuant to 42 U.S.C. § 1983 ("Section 1983"). In *Bell II*, plaintiff alleges a deprivation of his constitutional rights based on a similar set of facts alleged in *Bell I*. On August 15, 2015, plaintiff filed another *in forma pauperis* complaint ("*Bell III*") against the City and the County as well as Geoffry Prime and O'Brien LLP (""GPO LLP") also pursuant to 42 U.S.C. § 1983 ("Section 1983"). In *Bell III*, plaintiff alleges a deprivation of his constitutional rights based on a similar same set of facts alleged in *Bell I* and *Bell II*. Because the complaints in *Bell II* and *Bell III* are similar and largely repetitive of the claims alleged in the complaint filed in *Bell I*, the Court consolidates them under the first filed complaint, 16-2688(JMA)(AYS), and directs that the cases assigned docket numbers 16-3521(JMA)(AYS) and 16-4638(JMA)(AYS) be closed. All future filings shall be made only under docket number 16-2688(JMA)(AYS).

For the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I. BACKGROUND[1]

Plaintiff's sparse allegations seek to challenge his August 2015 and February 2016 arrests in the City and the adequacy of his representation during the underlying criminal proceedings following his arrests. The "Statement of Claim" in *Bell I* alleges, in its entirety:[2]

I was arrested on or around August 2015 for stopping someone with a severe

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> drinking problem.  Her name was brigette wallitsch my girlfriend at the time.
> Then I was arrested again on February 15, 2016 for violation of and no harrass
> order given by Judge Klein and the DA of Long Beach NY.  When the knew
> brigette was a known alcoholic and on presription pain pills so did the Long
> Beach police.  Judge Klein and the DA conspired with Topper Realty at 84 E.
> Park Ave Long Beach NY on a harrassment 3 case.  Evan though I had a witness
> saying I did not do it Judge Klein and the DA of that case and my lawyer told me
> if I did not plead guilty to both cases I could not get out of jail on the brigette
> wallitsh case or the Dave Soren case at Topper Realty.  I was descriminated by
> Long Beach pd and Judge Klein because of my color.

(*Bell I* Compl. at ¶ IV.)  In the space on the form complaint that calls for a description of any

claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges:

> I have HIV, Hep B, sleep apnea and high blood pressure.  Between the arrest I
> had to go to the hospital for asthma treatments and I also suffer from depression
> and anxiety I was taken to South Nassau Community hospital by the Long Beach
> NY police.  On or around the 15 of Feb and also the 7th of March 2016.

(*Id.* at ¶ IV.A.)  For relief, plaintiff seeks to recover a monetary damages award in the sum of

$600 million for false arrest, discrimination and conspiracy.  (*Id.* at ¶ V.)

Like the allegations in *Bell I*, the allegations in *Bell II* are brief.  The two sentence

"Statement of Claim" alleges:

> In Long Beach City for false arrest on Feb of 2016 and medical neglect also
> descrimination also conspiracy by the Judge, DA and Topper Realty.  Nassau
> County against Armour Health and Nassau County Correction for medical neglect
> and housing in unsanitary conditions from Feb 16, 2016 till present also
> descrimination and malicious prosecution.

(*Bell II* Compl. ¶ IV.)  In the space on the form complaint that calls for a description of any

claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges:

"Had to be hospitalized for asthma attacks on two ocassions."  (*Id*. ¶ IV.A.)  For relief, plaintiff

seeks to recover a $600 million award against the City and a $160 million award against the

County.  (*Id*. ¶ V.)

      The Statement of Claim in *Bell III* alleges, in its entirety:

> When Mr. Geofry Prime took my case he was ineffectual as counsel. His personel opion regarding my significant other prejudice my defense as I was in an interracial relationship. He fail to produce witness on my behalf on an harrisment case who wrote at notarized statement and said he was will to come to court. He aloud the DA of Long Beach and Nassau County to entrap me. This happended between the dates of September 2015 to April 2016.

(*Bell III* Compl. ¶ IV.)  In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "I already suffered from depression and anxiety also mood swings which lead me into a deeper depression and due to Nassau County Corrections not giving me the proper pysh meds I got into a fight where my front tooth was knocked out. This happended in May 2016."  (*Id*. ¶ IV.A.)  For relief, plaintiff seeks to recover a $2 million award.  (*Id*. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Applications

      Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

### B.   Standard of Review

      The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or

malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

5

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

**1.  Section 1983 Claims Against the County and the City**

It is well-established that municipalities, such as the County and the City, may be liable under Section 1983 only if the plaintiff proves that "action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See

6

Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision-making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.  Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaints a liberal construction, there are simply no factual allegations from which the Court could plausibly infer that the conduct of which plaintiff complains was caused by some policy or custom of the County or the City.  See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").  Accordingly, plaintiff has not alleged plausible Section 1983 claims against the County and the City and they are, thus, dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 3. Claim Against GPO LLP

As explained earlier, in order to state a Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state

law." Cornejo, 592 F.3d at 127 (citation omitted).   Here, GPO LLP is alleged to be the law firm that represented plaintiff in an underlying state court prosecution.   Plaintiff does not allege whether GPO LLP was privately retained or appointed by the Court.   However, such distinction is of no moment because a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."   Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).    Thus, because GPO LLP is a private entity, it does not act under color of state law.

However, a private actor may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'"   Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).   Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights.   Ciambriello, 292 F.3d at 323-24.   To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."   Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could plausibly infer joint action by GPO LLP with a state actor or that GPO LLP conspired with a state actor to deprive plaintiff of some constitutional right.   Therefore, plaintiff has not plausibly alleged that GPO LLP acted under color of state law and there is no legal basis for

8

a Section 1983 claim against GPO LLP. See, e.g., Polk County, 454 U.S. at 325. Accordingly, plaintiff's Section 1983 claim against GPO LLP fails as a matter of law, and it is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(2).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints. Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2688(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include any allegations he wishes to pursue in the amended complaint. Further, if plaintiff does not file an amended complaint within thirty (30) days, all of his claims will be dismissed with prejudice, judgment will enter,

9

and this case will be closed.

## III. CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2688(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order. The Clerk of the Court shall mark 16-CV-3521 and 16-CV-4638 closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff.

**SO ORDERED.**                                    \_\_\_\_\_/s/ (JMA)_____
                                                   Joan M. Azrack
Dated:  November 22, 2016                          United States District Judge
        Central Islip, New York